#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) HOUTS LAW, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| (1) AMSTERDAM PRINTING & LITHO, INC., | ) ) ) | *(Removed from Oklahoma County District Court, No. CJ-2025-7520)* |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant Taylor DM Brands, Inc. ("Taylor"), identified in the Petition as "Amsterdam Printing & Litho, Inc.," hereby removes this action under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. The grounds for removal are as follows:

1. Plaintiff commenced this action entitled *Houts Law, PLLC v. Amsterdam Printing & Litho, Inc.*, Case No. CJ-2025-7520 (the "Action") by filing a Class Action Petition (the "Petition") with the District Court of Oklahoma County, State of Oklahoma, on October 14, 2025. *See* **Ex. 1**, Pet.

2. Amsterdam Printing & Litho is a registered assumed name of Taylor DM Brands, Inc.

3. The Petition purports to state claims against Taylor for breach of contract, fraud, a violation of the Oklahoma Consumer Protection Act, and unjust enrichment. The

Petition also includes a request (although styled as a standalone cause of action) for punitive damages, as well as a claim for declaratory relief and a claim for injunctive relief.

    4.    The Petition and a Summons were delivered via certified mail to Taylor's parent company's, Taylor Corporation, headquarters at 1725 Roe Crest Drive, North Mankato, MN 56003-1807. *See* **Ex. 2**, Service Packet.

    5.    The Petition in the Action is attached as **Exhibit 1**. The service packet delivered via certified mail to Taylor Corporation's headquarters is attached as **Exhibit 2**. The Entry of Appearance filed for Plaintiff's counsel in state court is attached as **Exhibit 3**.

    6.    A copy of the Docket Sheet, Oklahoma County, Case No. CJ-2025-7520 (as of November 10, 2025) is attached as **Exhibit 4** pursuant to Local Civil Rule 81.2(a). Taylor is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-4. Moreover, there are no motions pending before the Oklahoma County District Court in this matter; nor are any hearings currently set.

    7.    As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because Taylor has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1453.

**I.**    **Taylor has satisfied the procedural requirements of removal.**

    8.    The Petition and Summons were received at Taylor Corporation's headquarters on October 20, 2025. *See* **Ex. 2**, Service Packet. Because this Notice of

Removal is being filed within thirty days of the receipt of the Petition and Summons, removal is timely under 28 U.S.C. § 1446(b).

9. Under 28 U.S.C. § 1446(a), the U.S. District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County where the Action was pending. *See* 28 U.S.C. § 116(c).

10. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

## II. The Court has subject matter jurisdiction.

11. The Court has jurisdiction over this case under 28 U.S.C. §§ 1332(d) and 1453. Plaintiff filed this case as a putative class action consisting of more than 100 members in which (1) at least one member of the class is a citizen of a different state than Taylor, and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Therefore, this case may be removed to this Court under 28 U.S.C. § 1441(a).

### A. There are more than 100 putative class members.

12. Although Plaintiff does not define a putative class, the Petition states "Plaintiff believes the number of potential class members exceeds 10,000." Pet., ¶ 17.

13. Plaintiff likewise alleges that "[t]he members of the proposed Class are so numerous that joinder of all Class members is impracticable." *Id.*, ¶ 18.

14. Although Plaintiff has not defined a proper putative class (indeed, Plaintiff has not defined any putative class at all), Plaintiff's allegations confirm that the putative class Plaintiff seeks to represent significantly exceeds 100 members.

### B. There is minimal diversity of citizenship.

15. CAFA requires only minimal diversity. In other words, at least one member of the putative class must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists if at least one member of the putative class is a citizen of a different state than Taylor. *See id.*; *see also Kernen v. Casillas Operating, LLC*, No. CIV-18-107-SLP, 2018 WL 11385811, *1 (W.D. Okla. Nov. 16, 2018) (noting that only minimal diversity is required under CAFA).

#### 1. Taylor is a citizen of Minnesota.

16. Taylor is a Minnesota corporation with its principal place of business in Minnesota. "For purposes of [section 1332] and section 1441 . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, under 28 U.S.C. § 1332(c)(1), Taylor is a citizen of Minnesota.

#### 2. Plaintiff is an Oklahoma citizen.

17. Plaintiff alleges it is an Oklahoma limited liability company "with its principal place of business in Oklahoma County, State of Oklahoma." Pet., ¶ 1.

18. Under CAFA, an unincorporated association is a citizen both of the state where it has its principal place of business and under whose laws it is organized. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("It is worth noting that Congress has indeed prescribed a different rule as to unincorporated associations for purposes of [CAFA]. Under CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association

4

for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members."). Therefore, under 28 U.S.C. § 1332(d)(10), Plaintiff is an Oklahoma citizen.

    **C.**    **CAFA's amount in controversy is satisfied.**

    19.    The amount in controversy in this purported class action exceeds $5,000,000, exclusive of interest and costs.

    20.    A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Once a removing defendant has established that the plaintiffs have placed more than $5,000,000 in controversy, the burden shifts to the plaintiffs to prove it is legally impossible for them to recover more than the jurisdictional threshold. *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247-48 (10th Cir. 2012).

    21.    In establishing the amount in controversy, a defendant may rely on allegations in the petition. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008) ("[A] complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal."); *see also In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking at the complaint as it existed at the time the petition for removal was filed.").

    22.    Here, Plaintiff specifically alleges it is seeking "damages in excess of $5,000,000.00." **Ex. 1**, Pet., p. 7 (requesting that the "Court award actual and punitive

5

damages to the Class in excess of $5,000,000.00"). Based on this allegation alone, the amount in controversy requirement is met.

23. In sum, because: (1) this action involves over 100 putative class members; (2) there is minimal diversity between Taylor and at least one putative class member (in this case, Plaintiff); and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, this Court has jurisdiction over this case under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### III. Miscellaneous.

24. Taylor reserves the right to amend or supplement this Notice of Removal.

25. Taylor further reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b), as well as its time to answer, move against, or otherwise respond to Plaintiff's Petition pursuant to Rule 81(c)(2).

26. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Taylor hereby removes this action to the United States District Court for the Western District of Oklahoma in accordance with 28 U.S.C. §§ 1332(d),

1441, 1446, and 1453. Taylor respectfully requests that this Court assume jurisdiction over this action and that all further proceedings in the state court action be stayed.

                              Respectfully submitted,

                              */s/ Tyler Ames*
                              Christopher Scaperlanda, OBA #31703
                              Tyler Ames, OBA #34944
                              McAfee & Taft A Professional Corporation
                              Eighth Floor, Two Leadership Square
                              211 N. Robinson Ave.
                              Oklahoma City, OK 73102
                              Telephone: (405) 552-2238
                              christopher.scaperlanda@mcafeetaft.com
                              tyler.ames@mcafeetaft.com

                              ***Attorneys for Defendant***
                              ***Taylor DM Brands, Inc.***