IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 1 4 2025

RICK WARREN
COURT CLERK
88 _____

| | | |
|---|---|---|
| HOUTS LAW, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| AMSTERDAM PRINTING & LITHO, INC. | ) | CJ - 2025 - 7520 |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION PETITION

Plaintiff Houts Law, PLLC ("Plaintiff"), for its Petition against Defendant Amsterdam Printing & Litho, Inc. ("Defendant"), alleges and states as follows:

### Jurisdiction and Venue

1. Plaintiff is a Professional Limited Liability Company with its principal place of business in Oklahoma County, State of Oklahoma.

2. Defendant is a foreign, for-profit corporation and conducts business in the State of Oklahoma.

3. The events giving rise hereto occurred in Oklahoma County, State of Oklahoma.

### Factual Background

4. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

5. In late August or early September of 2024, Plaintiff received Defendant's order form for custom-printed pens that had been mailed to Plaintiff's business address by Defendant (offer).

6. The Order Form offered 400 custom-printed pens and stated "Total Price: $528.00." (Order Form, **Exhibit 1**.)

7.  Plaintiff hand wrote Plaintiff's credit card information onto the Order Form and mailed it to Defendant (acceptance). (Order Form, **Exhibit 1**.)

8.  The Order Form did not state that the price charged to Plaintiff's credit card might be different than the "Total Price" listed on the Order Form. (The Order Form stated that "Amsterdam is required to collect sales tax on orders shipped to applicable states," but does not state an amount of sales tax or that the sales tax will change the "Total Price".)

9.  Plaintiff received the pens about two weeks after sending the Order Form.

10. On September 13, 2024, Defendant had charged Plaintiff's credit card in the amount of $623.89, *i.e.*, $95.89 more than the "Total Price" quoted on the Order Form.

11. On September 13, 2024, Plaintiff's office manager received an email with an invoice for $623.89, *i.e.*, the excessive, unapproved amount <u>Defendant had already charged to Plaintiff's credit card</u>.

12. On September 23, 2024, Plaintiff received yet another invoice, wherein Defendant attempted to collect $623.89 from Plaintiff, even though Defendant had already charged Plaintiff's credit card in this excessive, unapproved amount.

13. Despite sending two invoices after charging Plaintiff's credit card in this excessive, unapproved amount, Defendant never notified Plaintiff that the invoice(s) had been satisfied (albeit in an excessive, unapproved amount).

14.. On September 23, 2024, Plaintiff's managing partner called Defendant's customer-service line. In the course of that phone call, Plaintiff's managing partner learned that Defendant acted in conformity with its policies and procedures in charging Plaintiff's credit card more than Plaintiff approved.

## Class Action Allegations

15. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

16. Plaintiff brings this action individually and as the Representative of all members of a Plaintiff Class, pursuant to 12 O.S. § 2023.

17. The exact number of Class members is not presently known to Plaintiff, but Plaintiff believes the number of potential class members exceeds 10,000.

18. The members of the proposed Class are so numerous that joinder of all Class members is impracticable.

19. Because the damages suffered by many individual Class members may be relatively small, the burden and expense of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

20. Plaintiff will fairly and adequately protect the interests of the members of the Class.

21. Plaintiff has no interests that are adverse or antagonistic to those of the Class.

22. Plaintiff / counsel envision no difficulty in the management of this litigation as a Class Action.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    (a) Whether Defendant has charged and collected fees in excess of the amount agreed to between Defendant and the class members;

    (b) Whether Plaintiff and the members of the Class have sustained injury by reason of Defendant's actions and omissions;

    (c) Whether Defendant should compensate the Class members for amounts charged and collected in excess of the contractual amounts;

3

(d)  Whether Defendant should face punitive liability for its reckless disregard for the rights of others;

(e)  Whether Defendant's actions violate the Oklahoma Consumer Protection Act.

24.  Class adjudication is also appropriate for purposes of determining whether Plaintiff and the members of the Class are entitled to declaratory relief adjudicating that Defendant could not unilaterally alter its contracts such that the class is not bound by Defendant's attempts to unilaterally alter contracts by sending invoices and billing credit cards in amounts greater than agreed to by members of the Class and whether Defendant should be enjoined from engaging in such conduct in the future.[1]

## FIRST THEORY OF LIABILITY: BREACH OF CONTRACT

25.  Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

26.  As shown above, Defendant offered to sell products to Plaintiff and similarly situated individuals/businesses as certain prices.

27.  Defendant has charged and collected fees in excess of the amount(s) agreed to by Plaintiff and the class members.

28.  Defendant is liable to Plaintiff and the class members for reimbursement of these overcharges.

## SECOND THEORY OF LIABILITY: FRAUD

29.  Plaintiff adopts and incorporates the above and foregoing allegations as though

---

[1] Plaintiff anticipates, after discovery, that Plaintiff may amend to include a separate and distinct subclass of those customers who paid one or more additional invoices without knowing that Defendant had already charged the customer's credit card. Plaintiff specifically recognized that its credit card had been billed despite Defendant's wrongful conduct in sending two additional invoices after Defendant had already billed Plaintiff's credit card in an amount greater than Plaintiff had agreed to pay. Thus, this Plaintiff did not send additional payment, but believes other customers may have fallen victim to this deceptive trade practice.

fully set forth herein.

30. Utilizing identical or substantially-similar procedures, Defendant made material representations to Plaintiff and to the class members regarding the terms of their agreements including but not limited to the amount that would be charged to their credit cards.

31. With respect to Plaintiff, Defendant made these representations in a written offer mailed to Plaintiff's office address.

32. Defendant made these representations with the intent to unilaterally impose additional, unapproved charges upon Plaintiff and the class members.

33. Plaintiff and the class members acted in reliance upon Defendant's misrepresentations and suffered damages as a result.

34. Defendant's actions constitute fraud.

### THIRD THEORY OF LIABILITY: VIOLATION OF OKLAHOMA CONSUMER PROTECTION ACT

35. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

36. A business violates the Oklahoma Consumer Protection Act when it "[c]ommits an unfair or deceptive trade practice." 15 O.S. §753.

37. The Act defines deceptive trade practice as "a misrepresentation, omission, or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." 15 O.S. §752 (13).

38. The Act defines an unfair trade practice as "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." 15 O.S. §752 (14).

39. The Act also imposes liability upon a defendant that "[k]nowingly causes a charge

to be made by any billing method to a consumer for services which the person knows was not authorized in advance by the consumer." 15 O.S. §753(26).

40. The Act also imposes liability upon a defendant that "[k]nowingly causes a charge to be made by any billing method to a consumer for a product or products which the person knows was not authorized in advance by the consumer." *Id.* (27).

41. Defendant's practices described herein violate the above provisions and potentially other provisions of the Oklahoma Consumer Protection Act, 15 O.S. §751, *et seq*.

42. Upon information and belief, Defendant has engaged in the behavior described herein in its dealings with Defendant's other customers.

### FOURTH THEORY OF LIABILITY: UNJUST ENRICHMENT

43. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

44. Defendant has been unjustly enriched at Plaintiff's expense and at the expense of those similarly situated.

45. Defendant should be disgorged of any ill-gotten gains.

### FIFTH THEORY OF LIABILITY: PUNITIVE DAMAGES

46. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

47. Defendant's tortious conduct and violation of statute described herein constitute reckless disregard for the rights of others, warranting an award of punitive damages. 23 O.S. § 9.1 (B)(1).

### SIXTH THEORY OF LIABILITY: DECLARATORY JUDGMENT

48. Plaintiff adopts and incorporates the above and foregoing allegations as though

6

fully set forth herein.

49. There exists an actual and judiciable controversy between Plaintiff and the Class against Defendant within the jurisdiction of this Court.

50. On behalf of itself and the Class, Plaintiff requests that this Court adjudicate the rights of the parties. Specifically, Plaintiff requests that this Court declare that Defendant cannot unilaterally modify the terms of its contracts, as evidenced by the Order Form or substantially similar forms, by subsequently charging an amount in excess to the amount approved by the customer.

### SEVENTH THEORY OF LIABILITY: INJUNCTIVE RELIEF

51. Plaintiff adopts and incorporates the above and foregoing allegations as though fully set forth herein.

52. Defendant has repeatedly and continuously violated its own contracts and Oklahoma statute. These violations are ongoing.

53. Accordingly, Defendant should be enjoined from continuing to perpetrate its illegal actions against Oklahoma residents and citizens.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief as follows:

A. That this Court certify this action as a Class Action under 12 O.S. § 2023(B)(2) and (B)(3);

B. That this Court award actual and punitive damages to the Class in excess of $5,000,000.00;

C. That this Court award actual and punitive damages to Plaintiff individually in an amount in excess of $75,000.00;

D. That this Court enjoin Defendant from charging amounts in excess of the amounts set forth in its contracts.

E. That this Court grant declaratory relief to Plaintiff and the Class recognizing as a matter of law that Defendant cannot unilaterally alter the terms of its contracts with its customers and enjoin Cox from engaging in such conduct in the future;

F. That this Court appoint Plaintiff as Class Representative;

G. That this Court appoint Plaintiff's counsel as Class Counsel;

H. That this Court award Plaintiff's reasonable costs and attorneys' fees; and

I. That this Court grant such other relief as may be just and proper.

Respectfully submitted,

_____
Patrick L. Hullum, OBA No. 19838
**PHILLIPS MURRAH P.C.**
424 NW 10th St., Suite 300
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
plhullum@phillipsmurrah.com
*Counsel for Plaintiff*

📞 800.833.6231     🛒 AmsterdamPrinting.com/Reorder

Please increase my order quantity to: _____

| Check Item | Product | Order | List | Sale Price | Total | Previous |
| Item Number | Description | Quantity | Price | Each Unit | Price | Order Number |
| ☑ 47854 | ULTIMA SOFTEX STYLUS PEN | 400 | $1.69 | $1.32 | $528.00 | F209898 |

Order Information: [illegible fine print]

Amsterdam is required by law to collect sales tax on orders shipped to applicable states. [illegible fine print]

**SHIP TO:** MARK HOUTS
MARK HOUTS
1801 NE 135TH ST STE A
OKLAHOMA CITY OK 73131-8003

Email: ___
Phone: ___

Imprint Information: [illegible fine print]

**Previous Imprint**
MARK B. HOUTS - ATTORNEY
405-971-4029
www.houtslaw.com

**CUSTOMER #**

**COUPON CODE**
DZ522

○ Check enclosed
● Credit card:     VISA   DISCOVER
Card #: ___
Exp. Date: ___     P.O. #: ___
SIGNATURE: [signature]


EXHIBIT 1