## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOUTS LAW PLLC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. CIV-25-1325-R** |
| | ) | |
| AMSTERDAM PRINTING & LITHO | ) | |
| INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant Amsterdam Printing & Litho Inc.'s Motion to Dismiss [Doc. No. 8] Plaintiff Houts Law PLLC's Complaint[1] [Doc. No. 1-1]. Plaintiff filed a Response [Doc. No. 11], Defendant Replied [Doc. No. 16], and Plaintiff filed a Sur-Reply [Doc. No. 19]. The matter is now at issue.

## BACKGROUND[2]

The facts as alleged are as follows: Defendant mailed an Order Form for custom-printed pens to Plaintiff's business address. Compl., ¶ 5. According to Plaintiff, the Order Form constituted Defendant's Offer to sell a large quantity of pens to Plaintiff. *Id.* ¶ 6. Specifically, the Order Form[3] included a "Pricing and Product Information" section which

---

[1] This action was removed to federal court in November of 2025 [Doc. No. 1]. In accordance with this District's nomenclature, the Court will refer to the Petition [Doc. No. 1-1] as the Complaint.

[2] When reviewing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "take[s] the facts in the complaint as true . . . and [ ] views such facts in the light most favorable to the plaintiff[.]" *Knellinger v. Young*, 134 F.4th 1034, 1042 (10th Cir. 2025) (internal citations and quotation marks omitted).

[3] When ruling on a 12(b)(6) motion, "[i]n addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the

indicated that the Form was an order for 400 pens, at a sale price of $1.32 each, amounting to a "Total Price" of $528.00. *Id.*; Doc. No. 8-1. Below the Pricing and Product Information section were two paragraphs stating, among other things:

- "Order Information: Machine Set-Up, Shipping & Handling, Over-Runs & Sales Tax charges additional, where applicable. Additional charges may apply. . . . Offers and Pricing subject to change without notice"; and

- "Amsterdam is required by law to collect sales tax on orders shipped to applicable states. In addition, your purchase is not exempt from sales or use tax merely because it is made over the Internet or by other remote means. . . . For more information go to AmsterdamPrinting.com/tax."

*Id.* The Order Form did not, however, list the amount of sales tax or other fees that might be applied to Plaintiff's Order.

Plaintiff alleges it accepted the Offer by filling the Order Form out with its credit card information and mailing it back to Defendant. Compl., ¶ 7. Plaintiff received the pens two weeks later, but Defendant charged Plaintiff's credit card in the amount of $623.89— $95.89 more than the "Total Price" quoted on the Order Form. *Id.* ¶¶ 9-10. Despite Plaintiff's card having already been charged, Defendant sent Plaintiff two invoices for $623.89 and never notified Plaintiff that the invoice had been satisfied. *Id.* ¶¶ 11-13. After speaking with Defendant's customer service line, Plaintiff's managing partner learned Defendant's behavior was its usual manner of conducting business. *Id.* ¶ 14.

---

plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Order Form is central to Plaintiff's claims and Plaintiff included a copy of the Order Form with its Complaint [Doc. No. 1-1]. Defendant filed a more legible version of the Order Form, the authenticity of which is not disputed by Plaintiff [Doc. No. 8-1]. The Court therefore properly considers the Order Form in ruling on this Motion and will cite to the copy of the Order Form provided by Defendant.

Plaintiff thereafter brought this class action lawsuit against Defendant, asserting claims for breach of contract, fraud, violations of the Oklahoma Consumer Protection Act, and unjust enrichment and seeking declaratory, injunctive, and monetary relief. Defendant moves to dismiss each of Plaintiff's claims.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id.* (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "Mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

### I.    Breach of Contract

Plaintiff alleges Defendant breached the Order Form contracts by collecting fees greater than the amounts agreed to by Plaintiff and class members. Defendant argues Plaintiff cannot state a breach of contract claim because the Order Form informed customers additional taxes and fees may apply to the "Total Price" listed.

Plaintiff argues that the contract closed (thereby locking in the $528 Total Price) when Plaintiff accepted Defendant's Offer by mailing in the Order Form.[4] According to Plaintiff, Defendant thereafter charging a greater amount to Plaintiff's card than the amount listed in the "Total Price" section of the Order Form was an improper unilateral alteration of the contract terms amounting to a breach of contract. *See, e.g.*, *Old Albany Ests., Ltd. v. Highland Carpet Mills, Inc.*, 604 P.2d 849, 852-53 (Okla. 1979) (warranty disclaimer was considered a material alteration and thus not part of contract between parties because defendant did not mention the disclaimer until it sent an invoice to plaintiff after plaintiff's first payment); *Lively v. IJAM, Inc.*, 114 P.3d 487, 491-93 (Okla. Civ. App. 2005) (forum selection clause was not part of computer sale contract where plaintiff paid for the computer before it was shipped and a contract existed before plaintiff opened computer box and found invoice containing the forum selection clause).

The cases cited by Plaintiff would have a greater bearing on the allegations here if Plaintiff was only informed of the potential for additional fees after it signed and sent the Order Form and/or Defendant shipped the pens. But here, the terms informing Plaintiff that the Total Price was subject to taxes and fees were present on the one-page Order Form when Plaintiff received it, signed it, and mailed it back to Defendant.

"[U]nder Oklahoma law, '[a] person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and understand, and having

---

[4] Defendant does not meaningfully dispute Plaintiff's characterization of what constituted the Offer and Acceptance in this matter. The Court will therefore operate, for purposes of this Motion, under the assumption that Defendant mailing the Order Form to Plaintiff was the Offer and Plaintiff mailing it back was the Acceptance.

an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its liability.'" *Hardrick v. David Stanley Dodge, LLC*, No. CIV-15-540-C, 2015 WL 13573979, at *2 (W.D. Okla. June 4, 2015) (quoting *Mayfield v. Fid. State Bank of Cleveland*, 249 P. 136, 136 (Okla. 1926)).

> "It will not do for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law."

*Mayfield*, 249 P. at 136 (quoting *Ozark States Tr. Co. v. Winkler*, 202 P. 12, 16 (Okla. 1921)). Plaintiff does not allege it lacked the opportunity or ability to read and understand the terms of the Order Form. It cannot escape liability for the additional fees to which the Total Price was subject to—and which the Order Form informed Plaintiff of—by framing this dispute as an issue of Defendant's "unilateral alteration" of the contractual terms. The terms were apparent from the start: the Total Price of the pens was $528, subject to additional taxes and fees.

Plaintiff insists, however, that interpreting the Order Form to allow Defendant to charge more than the listed "Total Price" fails to read the contract as a whole. The Court disagrees. "A contract is to be construed as a whole, giving effect to each of its parts, and not construed so as to make a provision meaningless, superfluous or of no effect." *McGinnity v. Kirk*, 362 P.3d 186, 199 (Okla. 2015). The Order Form, as the contract, included both the "Total Price" term and the terms informing Plaintiff additional fees may apply. Construing the contract as a whole, the Court would be hard-pressed to state that the

terms stating additional fees may apply are meaningless. To focus solely on the Total Price would be to render the Order Form's other provisions of no effect.

Finally, Plaintiff claims that if Defendant may charge extra fees, nothing could stop it from charging Plaintiff anything from $95.89 to $95 million extra. The Court cannot credit this assertion, at least under these circumstances. Defendant itself points to Oklahoma's Commercial Code, which provides that when a price in a contract for sale is unsettled, such a price is to be fixed in good faith by the appropriate party. OKLA. STAT. tit. 12A, § 2-305.

"The court will not interfere with the contract of parties in the absence of fraud, duress, undue influence or mistake." *Thompson, Next Friend of Hughes v. Heartway Corp.*, 579 P.3d 622, 633-34 (Okla. 2025) (quoting *Barnes v. Helfenbein*, 548 P.2d 1014, 1021 (Okla. 1976)). Plaintiff has failed to offer a satisfactory rebuttal for Oklahoma law's presumption that a party signing a contract is presumed to know its contents and therefore to be bound by them.[5] Though there may be other grounds for alleging Defendant wrongfully charged Plaintiff an extra $95.89 for its pens, Plaintiff has not convinced this Court that breach of contract is one of them. Accordingly, Plaintiff's breach of contract claim against Defendant is DISMISSED.

---

[5] The parties briefly discuss the counterfactual interpretation that Plaintiff sending the Order Form back to Defendant constituted the Offer. But whether Plaintiff signing and sending the form constitutes the Offer or the Acceptance, the terms informing Plaintiff that additional fees might apply were present on the Order Form when Plaintiff filled it out with its credit card information and sent it back to Defendant. Plaintiff is presumed to have known of the additional terms when it signed the Form.

## II.    Fraud/Fraudulent Inducement

Plaintiff next argues Defendant committed fraud by making material misrepresentations on the Order Form. The elements of actionable fraud are:

> 1) a false material misrepresentation, 2) made as a positive assertion which is either known to be false or is made recklessly without knowledge of the truth, 3) with the intention that it be acted upon, and 4) which is relied on by the other party to his (or her) own detriment.

*Bowman v. Presley*, 212 P.3d 1210, 1218 (Okla. 2009). A showing of fraud can overcome the presumption that "someone who signs an agreement is presumed to know its contents and one with an opportunity to read the contract which he signs cannot escape liability under the contract." *Chaney v. Chevrolet*, 350 P.3d 170, 172-73 (Okla. Civ. App. 2015) (citing *Mayfield*, 249 P. 136; *Dusbabek v. Bowers*, 43 P.2d 97 (Okla. 1934)).

In its Response, Plaintiff introduces for the first time its theory that by making the material misrepresentation of a Total Price of only $528, Defendant *fraudulently induced* Plaintiff to provide its credit card information.[6] Defendant argues it made no

---

[6] To support its argument, Plaintiff cites *Parks v. AT&T Mobility, LLC*, No. CIV-09-212-D, 2011 WL 102543 (W.D. Okla. Jan. 12, 2012). The *Parks* plaintiff pleaded that defendants, computer and internet service sellers with technical knowledge an average customer would not possess, failed to disclose material information needed to determine the true costs associated with their product and service. *Id.* at *1. The Court found such allegations sufficient to state a claim of constructive fraud, based on the theory that the defendants failed to disclose information they had a duty to disclose. *Id.* at *3. Here, neither the Complaint nor the Response posit a constructive fraud theory of relief against Defendant or assert that Defendant owed a duty of disclosure to Plaintiff. The Court will thus not entertain Plaintiff's arguments of constructive fraud—making *Parks* somewhat inapposite with respect to Plaintiff's fraud claim.

misrepresentations regarding the Total Price because the Order Form stated the Total Price was subject to change without notice.

As an initial matter, the Court notes the Complaint fails to explicitly raise Plaintiff's assertions of fraudulent inducement. But even putting that aside, the Court finds the Complaint does not plausibly allege fraudulent inducement. Courts have found fraudulent inducement where the defendant physically concealed contractual terms from or made misrepresentations about contractual terms to the plaintiffs. *Compare Chaney*, 350 P.3d at 173 (indicating fraudulent inducement may have occurred where car salesmen "described to [plaintiffs] the contents and purpose of the purchase agreement" but allegedly left out all reference to arbitration agreement included in the terms), *with Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 178 (Okla. 1988) (plaintiff failed to state fraud claim where there was no evidence defendant made representations about a written agreement's contents when presented for signature).

Plaintiff has failed to sufficiently allege Defendant concealed or misrepresented the terms informing it that additional fees could apply to the stated Total Price. The Total Price was listed as $528, yes. But the Order Form included terms stating such amount was subject to change. Plaintiff has not alleged that Defendant made any other representations about the Order Form's contents and has thus failed to adequately plead a claim for fraudulent inducement.

Moreover, even if Defendant had made a misrepresentation, Plaintiff has failed to plead its justifiable reliance upon it. "An action for fraud may not be predicated on false statements when the allegedly defrauded party could have ascertained the truth with

reasonable diligence." *Silver v. Slusher*, 770 P.2d 878, 881 n.8 (Okla. 1988) (citations omitted). "'Where the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means and opportunities, he will not be heard to say that he had been deceived by the vendor's misrepresentations.'" *Id.* (quoting *Nowka v. West*, 186 P. 220, 223 (Okla. 1919)).

Plaintiff's allegations indicate it could have ascertained the truth with reasonable diligence. The terms stating the possibility for such a higher charge were mere inches away from the Total Price term. Plaintiff had the means of knowledge at hand to learn the Total Price was subject to additional fees. The Court will not now hear Plaintiff to say it was deceived by Defendant's Total Price term.

"One in possession of his faculties, being able to read, and having the opportunity to read an instrument which he signs will not be relieved therefrom merely because he did not in fact read the contract." *Jordan v. Hall-Miller Drilling Co.*, 203 F.2d 443, 446 (10th Cir. 1953); *see also Wilson v. Mass. Indem. & Life Ins. Co.*, 920 F.2d 1548, 1551-52 (10th Cir. 1990) (despite insurance agent's prior assertions of immediate coverage, insured was bound to terms in insurance contract where he signed document that clearly stated certain conditions must be met before coverage came into effect). Perhaps Plaintiff read the terms of the Order Form prior to mailing it to Defendant, perhaps it did not. Either way, Plaintiff had an opportunity to read the Order Form's language stating the Total Price was subject to change without notice. Plaintiff has failed to plead its justifiable reliance on the Total Price term.

The absence of any element of fraud "is fatal to recovery." *Steiger v. Com. Acceptance of Okla. City, Inc.*, 455 P.2d 81, 86 (Okla. 1969). Plaintiff has failed to plead both a misrepresentation by Defendant and Plaintiff's justifiable reliance on such alleged misrepresentation. Accordingly, Plaintiff's fraud claim is DISMISSED.[7]

### III.    Oklahoma Consumer Protection Act

Plaintiff next asserts claims against Defendant for violations of the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 *et seq.*

> [T]he four elements of a consumer's private action under the OCPA are: (1) that the defendant engaged in an unlawful practice as defined at [OKLA. STAT. tit. 15, § 753]; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury.

*Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000).

First, Plaintiff alleges Defendant violated the OCPA by committing deceptive and unfair trade practices. Pursuant to § 753(20), a person violates the OCPA when he or she

---

[7] The parties devote part of their briefing to the issue of whether Plaintiff's fraud claim is sufficiently distinct from its breach of contract claim. "Where a party sues on a theory of breach of contract, it cannot also bring a claim alleging fraud unless the tortious act is sufficiently independent of the breach of contract." *McGregor v. Nat'l Steak Processors, Inc.*, No. 11-CV-0570-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb. 1, 2012) (quotation omitted). "Simultaneous pursuit of fraud and breach of contract claims can be appropriate where 'the formation of a contract is premised upon an intentionally deceptive promise to act, *i.e.*, fraud in the inducement of a contract.'" *T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*, No. 21-CV-153-GKF-JFJ, 2022 WL 16842907, at *6 (N.D. Okla. Jan. 21, 2022) (quoting *Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, P.C. v. Oceanus Ins. Grp.*, No. 13-CV-762-JED-PJC, 2014 WL 3891267, at *5 (N.D. Okla. Aug. 7, 2014)). The parties did not brief whether dismissal of Plaintiff's contract claim would render such arguments moot, and the Court therefore will not discuss whether the two claims are insufficiently distinct.

"[c]ommits an unfair or deceptive trade practice as defined in Section 752." Section 752 defines a deceptive trade practice as "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." OKLA. STAT. tit. 15, § 752(13). An unfair trade practice is defined as "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." OKLA. STAT. tit. 15, § 752(14).

Defendant argues Plaintiff has not specified what "unfair" or "deceptive" trade practices Defendant engaged in, thus failing to state a claim under Federal Rule of Civil Procedure 8. Indeed, Plaintiff's OCPA claims consist only of (1) a paragraph incorporating the Complaint's foregoing allegations, (2) an enumeration of various OCPA provisions, and (3) an assertion that Defendant's actions violate those provisions.

Some courts in this district have found "mere recitation of the statutory language without specification of the alleged unfair trade practices is insufficient to satisfy the notice pleading standard of FED. R. CIV. P. 8." *In re Gen. Motors Corp.*, No. MDL 04-1600, 2005 WL 1924335, at *3 (W.D. Okla. Aug. 8, 2005). But other courts have found incorporation of facts alleged in the Complaint sufficient to plead OCPA violations. For example, in *Parks*, the plaintiff asserted a claim for constructive fraud against defendants, claiming defendants' advertising and documents concealed rate and usage information that would have allowed her to anticipate charges she might incur when buying a computer and subscribing to a wireless internet service agreement. *Parks*, 2011 WL 102543, at *1.

11

Plaintiff's OCPA claims incorporated her fraud allegations and asserted such allegations

constituted deceptive and unfair trade practices. *Id.* The Court found that

> [b]y incorporating paragraphs 7-39 of the Amended Complaint in Count II, Plaintiff demonstrates that she intends to rely on the same factual allegations provided in support of her fraud claim to establish that Defendants' conduct violated the Act. . . . Plaintiff identifies the facts on which she relies to establish Defendants made a material omission of information that deceived and reasonably could be expected to deceive a consumer. Plaintiff also describes in sufficient detail Defendants' practices that she believes were unscrupulous and substantially injurious to consumers. In short, without expressing any view of the merits of Plaintiff's claim, the Court finds that Plaintiff has provided sufficient factual allegations to demonstrate a violation of the Act.

*Id.* at \*4. *See also McAlister v. Ford Motor Co.*, No. CIV-14-1351-D, 2015 WL 4775382,

at \*4 (W.D. Okla. Aug. 13, 2015) (plaintiff's allegations that defendant concealed a

defective engine from purchasers and acted contrary to public policy of vehicle safety by

selling defective vehicles were minimally sufficient to allege defendant's unfair and

deceptive trade practices).

Though the section of Plaintiff's Complaint devoted to Defendant's alleged OCPA

violations is admittedly sparse, the Court's task is to consider the complaint's allegations

"as a whole." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023)

(citations omitted). And because "the OCPA is remedial in nature it is to be liberally

construed to effectuate its underlying purpose." *Patterson*, 19 P.3d at 846. That purpose is

to "'protect consumers from unfair and deceptive trade practices and,' to that end,

'provide[] a private right of action for aggrieved consumers.'" *Horton v. Bank of Am., N.A.*,

189 F. Supp. 3d 1286, 1291 (N.D. Okla. 2016) (quoting *Williams v. CSC Credit Servs.,*

*Inc.*, No. 07-CV-0255-CVE-FHM, 2007 WL 1959219, at \*1 (N.D. Okla. June 29, 2007)).

Accepted as true for purposes of the instant Motion (and the instant Motion alone), Plaintiff's allegations of Defendant's unfair and deceptive trade practices are minimally sufficient to avoid dismissal. The Court can reasonably infer Defendant engaged in deceptive trade practices by including a statement that proclaims the Total Price to be one thing while including in smaller text terms that contradict that proclamation. The Total Price term could have deceived Plaintiff into believing it would only be charged $528.[8] And the Court can infer such conduct by Defendant could be found unethical or against public policy in some manner.[9]

"Many state consumer protection statutes do not specifically define what constitutes an unfair trade practice but instead provide broad protection and leave it to the courts to determine whether specific conduct qualifies." *Patterson*, 19 P.3d at 847 (citing Donald M. Zupanec, Annotation, *Practices Forbidden by State Deceptive Trade Practices and Consumer Protection Acts*, 89 A.L.R. 3d 449 (1979 & Supp. 2000)). In keeping with the OCPA's broad construction, the Court finds Plaintiff has adequately alleged Defendant's

---

[8] "[T]he OCPA simply requires that the subject misrepresentation 'has deceived or *could reasonably be expected* to deceive or mislead a person. . . .'" *Mak v. Dunham*, No. CIV-24-248-SLP, 2025 WL 2078735, at *5 (W.D. Okla. July 23, 2025) (quoting OKLA. STAT. tit. 15, § 752(13)); *see also id.* (quoting *Hampton v. Gen. Motors LLC*, No. 21-CV-250-RAW, 2024 WL 2180102, at *10 (E.D. Okla. May 13, 2024), *report and recommendation adopted*, No. CIV-21-250-RAW, 2024 WL 4307185 (E.D. Okla. Sep. 26, 2024) ("'[T]he OCPA does not have as an element the requirement of reliance, much less justifiable reliance.'").

[9] In making the foregoing statements, the Court does not provide any indication as to the merits of Plaintiff's claims.

violations of the OCPA by virtue of committing unfair and/or deceptive trade practices.[10] Defendant's Motion to Dismiss such claims is DENIED.

The same cannot be said for Plaintiff's other OCPA claims. Plaintiff alleges Defendant has engaged in the following practices which constitute violations of the OCPA:

- "Knowingly caus[ing] a charge to be made by any billing method to a consumer for services which the person knows was not authorized in advance by the consumer";

- "Knowingly caus[ing] a charge to be made by any billing method to a consumer for a product or products which the person knows was not authorized in advance by the consumer."

OKLA. STAT. tit. 15, § 753(26), (27). There is a dearth of case law discussing § 753(26) and (27) and the parties devote a minimal portion of their briefing to these provisions.

In any event, Plaintiff has failed to include any allegations related to Defendant's *knowledge* of Plaintiff's lack of authorization for additional fees. *Compare with Cates v. Integris Health, Inc.*, 412 P.3d 98, 103-04 (Okla. 2018) (finding plaintiff pleaded a "conceivable set of facts by which she could establish that she did not consent to the relevant charges and that Integris knew that when it billed her" where plaintiff alleged her contract with Integris prevented Integris from billing her "unless it first submits the charges to her insurer for review"). Unlike in *Cates*, Plaintiff has not pleaded any such agreement or understanding between the parties that Defendant would further inform Plaintiff of the additional fees before charging them to Plaintiff's credit card. The Order Form's terms stated the Total Price was subject to additional fees where applicable—Plaintiff signed the

---

[10] The Court finds it important to state, once more, that in making such a statement is provides no indication of its view of the merits of Plaintiff's OCPA allegations.

Order Form and sent it to Defendant. Plaintiff has not alleged any facts which might indicate Defendant knew Plaintiff had not authorized the charging of additional fees.

Based on the allegations as is, the Court cannot find Plaintiff has adequately pleaded violations of § 753(26) and (27) under Rule 8. *See Toevs v. Reid*, 267 Fed. App'x 817, 818-19 (10th Cir. 2008) (unpublished) (citation and internal quotation marks omitted) (indicating Rule 8 "establishes a ceiling (the complaint must be *no more than* 'a short and plain statement') and not a floor (the complaint must *at least* be a 'short and plain statement'")). Plaintiff's OCPA claims pursuant to § 753(26) and (27) are therefore DISMISSED.

Finally, Defendant argues Plaintiff lacks standing to bring its OCPA claims. Actual damages are a necessary element of an OCPA claim. OKLA. STAT. tit. 15, § 761.1(A) ("[A] violation of the Consumer Protection Act shall render the violator liable to the aggrieved consumer for the payment of actual damages sustained by the customer . . . ."). However, "a person may not bring an action as an aggrieved consumer under § 761.1(A) solely as a result of his or her payment of the purchase price for that product." *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000); *see also Sisemore v. Dolgencorp, LLC*, 212 F. Supp. 3d 1106, 1109-10 (N.D. Okla. May 11, 2016) ("In order to be an 'aggrieved consumer' who can maintain a private right of action under the OCPA, the plaintiff must establish actual damages, which requires more than simply purchasing a product whose labeling violates the OCPA.").

Defendant argues Plaintiff's only claimed injury is the $623.89 it paid for the customized pens—which, in Defendant's opinion, is merely the purchase price. Plaintiff

disagrees, asserting the purchase price was, as stated on the Order Form, the Total Price of $528. The additional $95.89 charged to Plaintiff's credit card is, according to Plaintiff, distinct from the purchase price of the pens.

At this stage, the Court lacks sufficient information regarding what can properly be considered the "purchase price" of the pens. Plaintiff alleges Defendant's unfair and deceptive trade practices deceived it into paying an additional $95.89. Accepting Plaintiff's allegations as true, the Court finds this an adequate pleading of damages beyond the purchase price of the pens. However, in making such a statement, the Court makes *no* findings on what actually was the proper purchase price of the pens—$528 or $623.89 or some other amount. The Court only states that at this point, it lacks information to determine the actual purchase price of the pens. Thus, Plaintiff has stated a claim for damages and, at this point, has standing to move forward with its surviving OCPA claims.

## IV.     Unjust Enrichment

Defendant argues Plaintiff's claim for unjust enrichment is improper because it has an adequate remedy at law for breach of contract. Plaintiff asserts Rule 8 permits it to plead alternate theories of recovery. FED. R. CIV. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically.").

Plaintiff is correct that a party may plead and pursue alternative theories of recovery, and sometimes even both legal and equitable alternative claims, provided that double recovery is not allowed. *See Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1029-30 (10th Cir. 2007) (citing *N.C. Corff P'ship v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Civ. App. 1996)); FED. R. CIV. P. 8(d)(2). However, it is equally true that to invoke

equity jurisdiction, it must be shown that no adequate statutory or legal remedy is available. *Billingsley v. North,* 298 P.2d 418, 422 (Okla. 1956). Thus, "where the plaintiff has a plain, speedy and adequate remedy at law equity will not intervene in his behalf." *Robertson v. Maney*, 166 P.2d 106, 108 (Okla. 1946).

Unjust enrichment is a form of equitable relief a court will not ordinarily exercise its equitable jurisdiction to grant where the plaintiff has an adequate remedy at law. *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2006); *Robinson v. Southerland*, 123 P.3d 35, 45 (Okla. Civ. App. 2005), *cert. denied* (Okla. 2005); *Hydro Turf, Inc. v. Int'l Fid. Ins. Co.*, 91 P.3d 667, 673 (Okla. Civ. App. 2004). Where an enforceable express contract governs the parties' relationship, quasi-contractual remedies such as unjust enrichment are not available. *See Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Tr. Co.*, 130 F.3d 950, 957-58 (10th Cir. 1997); *Edwards v. Farmers Ins. Co.*, No. 08-CV-730-TCK-PJC, 2009 WL 4506218, at *4 (N.D. Okla. Nov. 24, 2009) (only if defendants convince the Court or jury that no contract existed at the time of the plaintiff's loss is there the possibility of a need for a quasi-contractual remedy); *AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2009 WL 223106, at *8 (N.D. Okla. Jan. 28, 2009) (party may allege equitable claim as alternative to contract-based claim but where parties' relationship is clearly governed by a contract, i.e., when one or the other party will recover on its breach of contract claim, there is an adequate remedy at law and plaintiff was entitled to summary judgment on counterclaim for equitable relief).

> Unjust enrichment is a quasi-contractual claim. A claim for unjust enrichment arises where one party fails to return money that, in equity and good conscience, it should not be allowed to retain. *See Harvell*, 164 P.3d at

1035; *French Energy Inc. v. Alexander*, 818 P.2d 1234, 1237 (Okla. 1991).
In such instances, the law interposes an implied promise and exercises its
equitable jurisdiction to grant relief. There cannot, however, be an express
and an implied contract for the same thing existing at the same time. *Jones
v. Univ. of Cent. Okla.*, 910 P.2d 987, 990 (Okla. 1995); *Fox v. Cities Serv.
Oil Co.*, 200 P.2d 398, 400 (Okla. 1948). The express contract precludes the
existence of a contract implied by law or a quasi-contract. *Jones*, 910 P.2d at
990; *see also Robinson*, 123 P.3d 35. In the face of an express contract
between the parties, the court will not exercise its equitable jurisdiction to
restore the expectations of a party who contracted unwisely.

*Simon v. Metro. Prop. & Cas. Ins. Co.*, No. CIV-08-1008-W, 2009 WL 10664188, at *4

(W.D. Okla. Feb. 23, 2009); *see also Robinson*, 123 P.3d at 45 (breach of contract claim

available against plaintiff's attorneys).

Plaintiff's claim for unjust enrichment is based upon the same contentions that

support its breach of contract claim. Neither party disputes the Order Form was a contract

governing the relationship between Plaintiff and Defendant. Because a contract governs

the parties' relationship, the quasi-contractual remedy of unjust enrichment is not available.

Moreover, to invoke equity jurisdiction, it must be shown that no adequate statutory or

legal remedy is available, *Billingsley*, 298 P.2d at 422, and Plaintiff has not alleged or

shown that is the case. Plaintiff's unjust enrichment claim is therefore DISMISSED.

## V.    Declaratory Relief

Defendant next moves to dismiss Plaintiff's claim for declaratory relief, which asks

the Court to "declare that Defendant cannot unilaterally modify the terms of its contracts,

as evidenced by the Order Form or substantially similar forms, by subsequently charging

an amount in excess to the amount approved by the customer." Compl., ¶ 50. Defendant

asserts this claim is duplicative of Plaintiff's breach of contract and fraud claims and serves no real purpose in the case.

District courts have "'unique and substantial discretion' in determining whether to declare the rights of litigants." *United States v. City of Las Cruces*, 289 F.3d 1170, 1179-80 (10th Cir. 2002) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). When deciding whether to declare the rights of litigants, district courts in the Tenth Circuit apply the factors announced in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994):

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Golf Club, LLC v. Am. Golf. Corp.*, No. CIV-16-946, 2017 WL 1655259, at *2 (W.D. Okla. May 2, 2017) (citation omitted). Where there is no parallel state litigation, the third and fourth factors hold little to no relevance.

Courts have declined to hear claims for declaratory relief where the plaintiff "fails to identify any issue for resolution by declaratory relief that cannot be resolved in the context of its separate claim for breach of contract." *Id.* at *2. To hear a declaratory judgment claim in such circumstances would "serve[] no useful purpose and would not settle the controversy." *Id.* Here, like in *Golf Club*, the Court is presented with a largely duplicative claim. *See id.* (where plaintiff's declaratory judgment claim was duplicative of its contract claim, the Court found factors weighed in favor of dismissal). Plaintiff has not

identified any issues for resolution by declaratory relief that have not already been resolved in the context of its breach of contract claim.

Moreover, Plaintiff's Response fails to adequately address the issue of duplicity raised in Defendant's Motion to Dismiss. Plaintiff devotes its briefing to arguing its claims are not duplicative because an actual controversy exists between the two parties with opposing interests. According to Plaintiff, this makes it proper for the Court to determine the rights, status, or other legal relations of the parties pursuant to the Oklahoma Declaratory Judgment Act, OKLA. STAT. tit. 12, § 1651, which states:

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any . . . contract . . . . The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect . . . .

But Defendant does not dispute that a live controversy exists. Furthermore, § 1651 is discretionary in nature—it states district courts *may* determine rights related to the validity of a contract, not that they *must*. Plaintiff has failed to sufficiently demonstrate how a declaratory judgment would not be duplicative of its breach of contract claim. Plaintiff's claim for a declaratory judgment is therefore DISMISSED.

## VI.    Punitive Damages and Injunctive Relief

Finally, Defendant asserts Plaintiff's claims for punitive damages and injunctive relief fail because each of Plaintiff's substantive claims fail. However, because some of Plaintiff's OCPA claims survive, the Court will not, at this time, dismiss Plaintiff's requests

for punitive damages and injunctive relief. Defendant's Motion to Dismiss such requests is therefore DENIED.

## VII.  Plaintiff's Request for Leave to Amend

Plaintiff requests that it be provided leave to file an amended complaint should the Court conclude Plaintiff has failed to state a claim under federal pleading standards. *See Eldridge v. Magic Vapor, LLC*, No. CIV-20-0590-HE, 2020 WL 6479171, at *3 (finding plaintiff's state-court petition did not meet federal pleading standards but allowing the filing of an amended complaint with such standards in mind). However, a party moving to amend a pleading under FED. R. CIV. P. 15(a)(2) (as Plaintiff here does because it did not file an amended pleading as of right pursuant to FED. R. CIV. P. 15(a)(1)) "must attach the proposed pleading as an exhibit to the motion." LCvR15.1; *see also Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) (quotation omitted) ("[W]e have repeatedly held that a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.").

Plaintiff's request to amend is such a bare request. Accordingly, it is DENIED. Should Plaintiff wish to amend, it may file a motion seeking leave to do so.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss is PARTIALLY GRANTED and PARTIALLY DENIED. Plaintiff's claims for breach of contract, fraud, unjust enrichment, and declaratory relief are DISMISSED. Plaintiff's OCPA claims pursuant to OKLA. STAT. tit. 15, § 753(26) and (27) are DISMISSED. Defendant's Motion to Dismiss Plaintiff's

OCPA claims pursuant to OKLA. STAT. tit. 15, § 753(13) and (14) and requests for punitive

damages and injunctive relief is DENIED.

IT IS SO ORDERED this 10th day of March, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE